UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHELITA BAILEY                                           CIVIL ACTION NO. 14-332-BAJ-RLB

VERSUS

EAST FELICIANA PARISH SCHOOL
BOARD, PRINCIPAL, JOHN HARRIS,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AND SUPERINTENDENT
HENDERSON LEWIS, JR., INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY

---

ANSWER AND DEFENSES

---

NOW INTO COURT, through undersigned counsel, come defendants, East Feliciana Parish School Board, John Harris, and Henderson Lewis, Jr., (hereinafter "Defendants") in their respective official and individual capacities, who submit this answer and defenses in response to the Complaint filed against them by plaintiff as follows:

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the defendants, or any of them, for violation of laws of the State of Louisiana, whether under the Louisiana Constitution of 1974, as amended, the Louisiana Civil Code Article 2315 *et seq.*, or any other state law and/or regulatory provision; therefore such claims against the defendants and each of them individually should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

SECOND AFFIRMATIVE DEFENSE

Political subdivisions, such as the School Board, cannot be held vicariously liable for the

acts of its employee(s) for claims brought under 42 U.S.C. § 1983; therefore, plaintiff's § 1983 claims based on vicarious liability (express, implied or otherwise) of the School Board must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims against John Harris and Henderson Lewis, Jr., in their respective individual capacities, are barred by the doctrine of qualified immunity and should, therefore, be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims against John Harris and Henderson Lewis, Jr., in their respective official capacities, are the equivalent to claims against the School Board and, thus, should be dismissed as repetitive and unnecessary.

## FIFTH AFFIRMATIVE DEFENSE

The School Board is a political subdivision of the State of Louisiana. John Harris and Henderson Lewis, Jr. were employees of the School Board at the time of the acts alleged in the Complaint. Therefore, the defendants claim and assert as affirmative defenses against the state law claims brought against them, respectively and in their individual capacities (as applicable), the governmental immunities and limitations of actions as such existed at the time of the actions complained of, at the time of filing the Complaint, now, or hereafter in the State of Louisiana for political subdivisions and their employees under the Louisiana Governmental Claims Act, La. R.S. 13:5101 *et seq.*, or as otherwise provided by Louisiana laws and/or regulatory provisions.

## SIXTH AFFIRMATIVE DEFENSE

While the defendants affirmatively aver that the plaintiff has not suffered any damages as

alleged in the Complaint or otherwise for which they or any of them are liable, the defendants would alternatively and affirmatively aver that the plaintiff failed in her respective duty to mitigate damages; therefore, any and all damages alleged to have been suffered by the plaintiff were caused or aggravated by the plaintiff or either plaintiff's actions or inactions and, thus, any alleged damages, if any, should be reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

While the defendants affirmatively aver that the plaintiff has not suffered any damages as alleged in the Complaint or otherwise for which they or any one of them is liable, the defendants would alternatively and affirmatively aver that, in the event damages are awarded against the defendants, or any of them, as a result of any claim presented therein, the defendants or any of them are entitled to and will seek contribution from others, including but not limited to, plaintiff and/or others acting in concert with them, or others, whose actions or inactions were the cause of such damages.

### **ANSWER**

And now, having set forth its affirmative defenses, the defendants respectfully respond to plaintiffs Complaint, as follows:

1.

Defendants admit that venue is proper in the Middle District of Louisiana. The defendants admit that all defendants reside in this federal judicial district. The defendants deny the remaining allegations as set forth in Paragraph 1 of the Complaint.

2.

Defendants admit that the School Board is a political subdivision of the State of Louisiana

located in the Parish of East Feliciana, State of Louisiana. The defendants admit that John Harris was and is Principal for the East Feliciana Parish High School. The defendants admit that Henderson Lewis, Jr. was and is the Superintendent of Schools for East Feliciana School Board. The defendants admit that John Harris and Henderson Lewis, Jr. are residents of East Feliciana Parish. The defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.

Defendants admit that East Feliciana High School is under the jurisdiction of the East Feliciana School Board. Defendants admit that John Harris is employed by the School Board as principal of East Feliciana High School. Defendants admit that Henderson Lewis, Jr. is employed by the School Board as Superintendent. The defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.

The defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.

Defendants deny the allegations contained in Paragraph 5 as written in the Complaint.

6.

Defendants deny the allegations contained in Paragraph 6 as written in the Complaint.

7.

Defendants deny the allegations contained in Paragraph 7 as written in the Complaint.

8.

Defendants admit that a letter recommending termination of the Petitioner was prepared and forwarded to the Superintendent of East Feliciana Parish School Board. Any and all other

allegations contained in Paragraph 9 of the Complaint are denied.

9.

Defendants admit that Petitioner was notified of the recommendation of termination. Any and all other allegations contained in Paragraph 9 of the Complaint are denied.

10.

Defendants deny the allegations contained in Paragraph 10 of the Complaint as written.

11.

Defendants deny the allegations contained in Paragraph 11 of the Complaint as written.

12.

Defendants deny the allegations contained in Paragraph 12 of the Complaint as written.

13.

Defendants admit that all persons involved enjoy the clearly established rights as guaranteed pursuant to the 1st Amendment to the United State Constitution. Any and all other allegations contained in Paragraph 13 of the Complaint are denied.

14.

Defendants admit that all persons involved enjoy the clearly established rights as guaranteed pursuant to the 14th Amendment to the United State Constitution. Any and all other allegations contained in Paragraph 14 of the Complaint are denied.

15.

Defendants deny the allegations contained in Paragraph 15 of the Complaint due to lack of sufficient information to justify a belief or truth therein.

16.

Defendants deny the allegations contained in Paragraph 16 of the Complaint due to lack of sufficient information to justify a belief or truth therein.

17.

Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of the Complaint due to lack of sufficient information to justify a belief or truth therein.

19.

The allegations contained in Paragraph 19 of the Complaint do not require a response from these defendants. Out of an abundance of caution, the allegations contained in Paragraph 19 are denied as written.

20.

The allegations contained in contained in Paragraph 13 do not require a response on behalf of these Defendants. However, Defendant, East Feliciana School Board is a political subdivision, therefore, by virtue of LSA-R.S. 13:5105, actions against political subdivisions of the State of Louisiana are specifically reserved for bench trials. Unless the political subdivision, by resolution and/or ordinance, waives the requirements of this statute, jury trials against those political subdivisions are prohibited.

```
                          RESPECTFULLY SUBMITTED:
                          BOYER, HEBERT, ABELS & ANGELLE, LLC

                   BY:    /s/
                          MARK D. BOYER (#26209)
                          1280 Del Este Avenue
                          Denham Springs, LA  70726
                          Telephone: 225-664-4335
                          Facsimile: 225-664-4490
                          Counsel for Defendants
                          mboyer@bhaalaw.com
```

## **CERTIFICATE**

I hereby certify that on August 5, 2014 the foregoing Answer and Defenses document was served on all parties or their counsel through the CM/ECF system if they are registered users to, if they are not, by serving true and correct copy at the address listed in the record of the court.

Denham Springs, Louisiana this 8th day of August, 2014.



/s/
**Mark D. Boyer**

Page **7** of **7**